OPINION
This timely appeal arises from the trial court's decision that Appellant, Bonnie Martin, is ineligible to participate in the workers' compensation fund. For the following reasons, we affirm the decision of the trial court.
The underlying workers' compensation claim in question arose from Appellant's employment as a corrections officer with Appellee, Noble County Correctional Institution. On or about May 28, 1997, Appellant was escorting inmates to a lunch room when an inmate allegedly sexually assaulted Appellant. (Tr. p. 127). Appellant testified that the inmate, "* * * rammed his hand up in my genital area." (Tr. p. 128). Appellant also testified that the inmate was, "* * * wiggling his fingers real hard, pinching my vaginal area." (Tr. p. 127). Appellant immediately notified her shift supervisor of the incident and filed a conduct report against the offending inmate. However, Appellant did not file an injury report with her employer until August 4, 1997, the same date on which she filed a claim for occupational injury leave benefits. On August 13, 1997, Appellant filed a request for temporary total compensation with Appellee, Bureau of Workers' Compensation. Appellant claimed that she suffered bruises to her vaginal area and post traumatic stress following the incident. Appellant's claim was ultimately disallowed by the Industrial Commission. She then appealed to the common pleas court pursuant to R.C. § 4123.512.
Prior to a jury trial which was to determine whether Appellant had suffered a compensable physical injury, Appellant and Appellees each filed motions for summary judgment. All of these motions were overruled. At trial, Appellant presented certain evidence that the assault resulted in bruising to her vaginal area and vaginal discharge. Appellees, while not contesting that an incident occurred, denied that Appellant suffered any physical injury. On October 28, 1999, a jury found that Appellant was not entitled to participate in the workers' compensation fund. On November 4, 1999, the trial court filed a judgment entry rendering judgment in favor of Appellees. This timely appeal followed.
Appellant's first assignment of error alleges:
 "THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT APPELLANT'S MOTION FOR SUMMARY JUDGMENT THAT SHE SUSTAINED A COMPENSABLE INJURY FOR BRUISING AND SWELLING."
In her motion for summary judgment, Appellant argued that an employee may participate in the workers' compensation fund for mental and emotional disabilities arising from contemporaneous work-related physical injuries. Appellant asserted that her deposition testimony supported that she suffered a physical injury, a necessary prerequisite to participation in the fund. According to her own testimony, Appellant experienced swelling, bruising and vaginal discharge as a result of the assault. (Depo. pp. 40-41). Appellant argues that Appellees failed to produce any evidence to contradict her assertion that she suffered physical injuries. Appellant concludes that the trial court erred in denying her summary judgment and instead allowing the matter to go to trial, as reasonable minds could only conclude that she was physically injured in the assault. Based on our review of the record herein, Appellant's arguments on this issue lack merit.
On appeal of summary judgment proceedings, an appellate court reviews the evidence de novo, but in the same manner as the trial court. Kallasv. Ohio Water Serv. Co. (1999), 132 Ohio App.3d 421, 424. In order to prevail on a motion for summary judgment, the movant must show that, (1) there remains no genuine issue as to any material fact, and (2) when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Id. The movant has the initial burden of informing the trial court of the basis for its motion and must identify the parts of the record that tend to show that no genuine issue of material fact exists as to the essential elements of the opposing party's claims. Id at 425. Once this initial burden is met, the opposing party has a reciprocal burden to raise specific facts that demonstrate that a genuine issue exists for trial. Id.
Appellant correctly states that in order to be compensable, a psychological injury must arise from a contemporaneous physical injury. R.C. § 4123.01(C); Bunger v. Lawson Co. (1998) 82 Ohio St.3d 463,464. Appellant is seeking compensation for mental distress accompanied by physical injuries she claims she suffered in the assault. Appellant's deposition testimony appears to support her claim that she suffered bruising, swelling and vaginal discharge as a result of the incident. Ordinarily, we would proceed to determine whether Appellees met their reciprocal burden to demonstrate an issue of material fact in dispute. However, the record reflects that the trial court denied both motions and sent the matter to trial, allowing the jury to decide all of the factual matters which were presented. The Ohio Supreme Court has held that, "* * * any error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made." Continental Ins. Co. V. Whittington (1994), 71 Ohio St.3d 150,156.
At trial, Appellees admitted there was an incident involving Appellant and an inmate, but presented evidence that Appellant was not grabbed in the vaginal area and consequently that she could not have suffered the claimed physical injuries. Appellees presented a statement from an inmate who witnessed the assault. That witness claimed that the offending inmate, inmate Cioffi, grabbed Appellant's buttocks, not her vaginal area. (Defendant's Exhibit 1). Appellees also presented the testimony of Captain Dorothy Harris, a supervisor at Noble Correctional Institution. Harris testified that immediately following the incident in question, Appellant told her she had been grabbed on the buttocks by an inmate. (Tr. p. 244). This evidence clearly creates an issue of material fact, as it supports Appellees' position that Appellant did not suffer the physical injuries she claims. Accordingly, any alleged error on the part of the trial court in denying Appellant summary judgment is moot and we must overrule this assignment of error.
Appellant's second assignment of error alleges:
 "THE TRIAL COURT ERRED WHEN IT GRANTED THE MOTION IN LIMINE OF NOBLE CORRECTIONAL FACILITY AND REFUSED TO ADMIT INTO EVIDENCE THE MAY 29, 1997, SECURITY CONTROL REPORT FINDING THAT INMATE CIOFFI HAD SEXUALLY ASSAULTED APPELLANT. THE MAY 29, 1997 SECURITY CONTROL REPORT, FINDING THAT INMATE CIOFFI SEXUALLY ASSAULTED APPELLANT, IS A BUSINESS RECORD OF DEFENDANT NOBLE CORRECTIONAL FACILITY AND SHOULD HAVE BEEN ADMITTED INTO EVIDENCE."
Prior to trial, Appellees filed a motion in limine seeking to prohibit Appellant's use at trial of a Security Control Report. The report concluded that inmate Cioffi did commit an assault against Appellant and that the inmate was placed under security control. Notably, the report also concluded that, "[t]here is a threat or danger to the security of the institution, inmates, staff, institutional property, or the inmate himself or threat of disruption of the orderly operation of the institution." Appellees stated that they expected Appellant to use the report as evidence that Appellant sustained an injury. Appellees argued that the report was highly prejudicial as it appears to conclusively state that inmate Cioffi was convicted for criminal assault arising out of the incident. Therefore, Appellees' claim that the probative value of the report was substantially outweighed by unfair prejudice, confusion of the issue and the possibility of misleading the jury.
The trial court addressed the motion at trial prior to opening statements. Appellees argued that the report's conclusion was the result of an informal investigation and that the evidence on which the conclusion was based was unknown. Appellant argued that the report should be admissible as a business record. The trial court ordered that Appellant could only use the report if Appellees proffered evidence contrary to the nature of the report. (Tr. p. 76). At trial, Appellant attempted to introduce evidence surrounding or leading to the report and its conclusion. (Tr. pp. 110-112, 115, 256). The trial court sustained Appellees' objections to Appellant's questions.
On appeal, Appellant contends that the trial court should have admitted the report as a business record under Evid.R. 803(6). Appellant also argues that the report is relevant under Evid.R. 401 and therefore, Appellees had the burden of demonstrating prejudice under Evid.R. 403(A). According to Appellant, Appellees failed to meet that burden of demonstrating prejudice. We must conclude on review of the record that this assignment of error also lacks merit.
"A ruling on a motion in limine reflects the court's anticipated treatment of an evidentiary issue at trial and, as such, is a tentative, interlocutory, precautionary ruling. Thus `the trial court is at liberty to change its ruling on the disputed evidence in its actual context at trial. Finality does not attach when the motion is granted.'" State exrel. Paige v. Lisotto (1997), 118 Ohio App.3d 418, 420, quoting Defiancev. Kretz (1991), 60 Ohio St.3d 1, 4. It is incumbent upon a party who has been temporarily restricted from introducing evidence by a ruling inlimine to seek the introduction of the evidence by proffer or in some other manner in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for the purposes of appeal. State v. Clowers (1999), 134 Ohio App.3d 450,454, citing State v. Grubb (1986), 28 Ohio St.3d 199, paragraph two of the syllabus. Contrary to Appellees' arguments, it appears from the record before us that Appellant satisfied her obligation to proffer or otherwise seek to admit the report at trial. Therefore, we next turn to an analysis of the effect of the trial court's decision on this issue.
A ruling on a motion in limine is a ruling to exclude or admit evidence. State v. McElroy (Sept. 22, 2000), Mahoning App. No. 99 CA 70, unreported, *7. A trial court's decision to exclude evidence is not grounds for reversal unless the record clearly demonstrates the trial court abused its discretion in so ruling and that the complaining party has suffered a material prejudice. Columbus v. Taylor (1988),39 Ohio St.3d 162, 164. An abuse of discretion connotes more than an error of law or judgment, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Tracy v. Merrell-DowPharmaceuticals, Inc. (1991), 58 Ohio St.3d 147, 152.
Evid.R. 403(A) states that, "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." The report in the present case stated conclusively that inmate Cioffi assaulted Appellant. This much has been admitted by Appellees. Moreover, the report indicates that placing Cioffi under security control was necessary for the safety of the institution, inmates, staff, institutional property, and himself. Although the report may be relevant in that it supports that Appellant was assaulted, it is clearly prejudicial, misleading and confusing. One of the issues at trial was whether Appellant suffered physical injuries as a result of an assault. The conclusory nature of the report and its strong language indicating that Cioffi was a threat to safety could have misled the jury into assuming that Appellees had already determined that the assault caused Appellant some injury, even though the report does not state that injury occurred. Moreover, the report would clearly shift attention to Cioffi's conduct, rather than to the nature and extent of injury, if any, suffered by Appellant. The report does indicate that Appellant told the framers of the report that the attack involved her vaginal area, rather than her buttocks. However, Appellant testified to this at trial and any probative value this mention would have was overridden by the prejudicial effect of the document on Appellees. Accordingly, the trial court did not act unreasonably, arbitrarily or unconscionably in limiting the use of the report at trial.
Based on the above, we find no abuse of discretion on the part of the trial court and therefore overrule this assignment of error. As Appellant's assignments of error lack merit, we affirm the judgment of the trial court.
 _________ WAITE, J.
Donofrio, J., concurs.
DeGenaro, J., concurs.