## In re ESTATE OF ROBERTSON.

[Cite as *In re Estate of Robertson,* 159 Ohio App.3d 297, 2004-Ohio-6509.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 04 MA 46.

Decided Dec. 2, 2004.

298

Goldberg, Persky & White, P.C., Mark C. Meyer, and Jason T. Shipp, for appellant.

WAITE, Presiding Judge.

{¶ 1} This appeal requires us again to review a judgment of Mahoning County Court of Common Pleas, Probate Division, in its allocation of attorney fees and litigation expenses to the Pittsburgh law firm of Goldberg, Persky, Jennings & White ("GPJW"). GPJW has been involved as litigation counsel in numerous wrongful-death suits in Mahoning County involving asbestosis. In the instant appeal, the probate court has imposed penalties against GPJW's attorney fees and has partially denied GPJW's claims of litigation expenses. Although the probate court is afforded wide discretion in approving attorney fees, we hold that the probate court acted arbitrarily by sanctioning GPJW without apparent authority or rationale. GPJW also argues that the probate court did not permit it to provide documentation of its litigation expenses and then denied those expenses for lack of documentation. There is nothing in the record demonstrating GPJW's alleged error concerning litigation expenses. Therefore, the judgment of the probate court is affirmed with respect to those expenses.

{¶ 2} No appellee's brief was filed in this appeal, and this court may therefore "accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C).

{¶ 3} On July 26, 2001, Marion G. Robertson filed an application to administer the estate of Earl J. Robertson, who had died on April 8, 1999. The application noted that there was a pending asbestosis claim of unknown value.

{¶ 4} On December 17, 2002, a litigation status report also noted that there was a pending product-liability claim regarding asbestosis.

{¶ 5} On February 11, 2003, the probate court approved the first partial accounting of the estate, with a notice to the fiduciary to continue reporting on the status of the pending litigation.

{¶ 6} On August 26, 2003, the probate court ordered GPJW to submit any wrongful-death and survival claims to the court by October 1, 2003, and to attend a hearing on October 15, 2003. Although GPJW appeared at the hearing, it was rescheduled to December 17, 2003, because the executor and her counsel failed to appear.

{¶ 7} On December 17, 2003, the executor filed a first partial application for settlement of wrongful-death claims. The application listed nine wrongful-death defendants and a total of $42,345 in proposed settlements. The application requested attorney fees of $14,114.99 and litigation expenses of $3,135.19.

{¶ 8} On January 23, 2004, the magistrate filed a decision awarding the full requested attorney fees but also imposing a penalty of $603.99 on those fees.

The magistrate reduced the litigation expenses to $133.34, noting, "Any requested expenses not proven to be reasonable [and] necessary and which are requested without a canceled check to evidence payment are hereby refused as not proved * * *." The decision also noted that GPJW had appeared at the hearing without a court reporter and waived the creation of a record pursuant to Loc.R. 11.

{¶ 9} On February 5, 2004, the court issued its own order, which mirrored the magistrate's recommendations. On March 8, 2004, GPJW filed this timely appeal.

{¶ 10} GPJW's first assignment of error asserts:

{¶ 11} "The Probate Court erred by failing to grant Appellant's litigation costs."

{¶ 12} GPJW's argument consists of a bare accusation that the probate court magistrate told GPJW that there was no need to submit documentation for litigation costs. GPJW does not point to anything in the record to substantiate this claim. GPJW does attach purported copies of its expenses as part of its brief on appeal, but these copies are not part of the record. A reviewing court is limited to a review of the official record that was before the trial court. App.R. 12(A); *Portofe v. Portofe*, 153 Ohio App.3d 207, 2003-Ohio-3469, 792 N.E.2d 742, at ¶ 30. GPJW has also failed to create and submit a statement in lieu of transcript as provided for by App.R. 9(C) or any other alternative to a transcript of proceedings as provided by the Rules of Appellate Procedure. Furthermore, it is incumbent upon the party alleging error to take the steps necessary to preserve the error for appellate review. This includes making a proffer of evidence when the trial court initially attempts to restrict the presentation of evidence. *State v. Clowers* (1999), 134 Ohio App.3d 450, 454, 731 N.E.2d 270.

{¶ 13} Based on GPJW's failure to substantiate its argument with any reference to the record, this first assignment of error is hereby overruled.

{¶ 14} GPJW's second assignment of error asserts:

{¶ 15} "The Probate Court erred by assessing penalty interest against Appellant's attorney's fees."

{¶ 16} The essence of this argument is that the probate court wrongfully imposed a sanction against attorney fees in the amount of ten percent of all fees resulting from proposed settlements that were not deposited into an appropriate bank in Mahoning County within 90 days. GPJW first contends that it was not permitted to turn over the funds to the probate estate prior to some direction from the court as to whether the settlements would be approved and how the funds would be allocated. Second, GPJW argues that there was no showing that it had acted in bad faith or in willful noncompliance with a court order, especially

since the local rules that GPJW supposedly violated were not in effect until after most of the settlements involving GPJW had been negotiated. Third, GPJW maintains that the sanction violates the doctrine of the separation of powers.

{¶ 17} This is not the first time that GPJW has asked this court to resolve a dispute over attorney fees involving the Mahoning County Court of Common Pleas, Probate Division. In the recent case of *In re Campbell*, 7th Dist. Nos. 02 CA 186, 02 CA 187, 2003-Ohio-7040, 2003 WL 22999356 (decided on December 15, 2003), this court reversed the probate court for arbitrarily and drastically reducing attorney fees without giving a sufficient reason and without conducting an evidentiary hearing. Id. at ¶ 37.

{¶ 18} Even more recently, this court overturned the probate court's decision to reduce GPJW's attorney fees by ten percent in another wrongful-death case involving asbestosis. *In re Covington*, 7th Dist. No. 03 MA 98, 2004-Ohio-3649, 2004 WL 1534126 (decided on June 24, 2004). We held that the probate court had arbitrarily and unreasonably reduced GPJW's attorney fees by retroactively applying newly adopted Loc.R. 70.6 (which contains various requirements for reporting on the settlement of wrongful-death claims). Id. at ¶ 16.

{¶ 19} It appears that *In re Campbell* and *In re Covington* involved slightly different issues from those raised in the case now under review. Both prior appeals questioned the trial court's determination of reasonable attorney fees, and in both cases we did not find a sufficient basis in the record to sustain the probate court's determination of the reasonableness of the attorney fees. In the instant case, GPJW is challenging the probate court's imposition of a sanction against the attorney fee that was actually awarded. The reasonableness of the initial fee award does not appear to be in dispute in this appeal. Despite the subtle difference in the arguments presented in the instant appeal, we are guided by our previous analysis in *In re Campbell* and *In re Covington*.

{¶ 20} Before addressing the specifics of GPJW's arguments, we need to establish our standard of review in this appeal. We are well aware that a probate court's determination of the reasonableness of attorney fees is reviewed for abuse of discretion. *In re Guardianship of Patrick* (1991), 66 Ohio App.3d 415, 416, 584 N.E.2d 86. This appeal, though, challenges the penalty that the probate court imposed upon GPJW's fee, rather than the reasonableness of the attorney fee itself. In fact, the probate court determined that a contingency fee of 33 percent was reasonable and awarded this amount to GPJW. The probate court's sanction was imposed against this 33 percent contingency fee.

{¶ 21} It is clear that the probate court intended to punish GPJW for a variety of perceived violations of local court rules, Ohio Rules of Superintendence, and rules of professional ethics governing attorneys. The ten percent penalty specifi-

cally at issue in this appeal, though, relates solely to GPJW's failure to timely deposit proposed settlement funds into a designated bank account in Mahoning County within 90 days of receipt. The court imposed a blanket ten percent penalty, per annum, against GPJW attorney fees that resulted from the proposed settlement proceeds that were not so transferred.

{¶ 22} The rule that GPJW allegedly violated was Loc.R. 70.5(C)(1), which states:

{¶ 23} "Whenever any sums are actually paid in satisfaction of each proposed settlement, or any other settlement related to the particular estate's claim, the entire gross amount paid by each settling defendant must immediately be deposited into one wholly restricted, interest bearing account in the name of the estate and additionally identified as 'f.b.o. Wrongful Death/Survival Beneficiaries' * * *."

{¶ 24} Whether or not the probate court had the authority to impose a monetary sanction pursuant to Loc.R. 70.5(C)(1) is a legal question that is reviewed de novo on appeal. *Cleveland Elec. Illum. Co. v. Pub. Util. Comm.* (1996), 76 Ohio St.3d 521, 523, 668 N.E.2d 889. If the probate court had the authority to impose a monetary sanction, the actual imposition of the sanction is reviewed for abuse of discretion. See, e.g., *State ex rel. Fant v. Sykes* (1987), 29 Ohio St.3d 65, 65, 29 OBR 446, 505 N.E.2d 966 (regarding pretrial discovery sanctions under Civ.R. 11 and 37); *Ron Scheiderer & Assoc. v. London,* (1998), 81 Ohio St.3d 94, 97, 689 N.E.2d 552 (regarding sanctions for frivolous conduct by an attorney).

{¶ 25} "Abuse of discretion" connotes more than an error of law or judgment; it implies an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. "Abuse of discretion" refers to a result that is "so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." *State v. Jenkins* (1984), 15 Ohio St.3d 164, 222, 15 OBR 311, 473 N.E.2d 264.

{¶ 26} GPJW's first argument contends that the probate court imposed a sanction for failure to account for and disburse settlement funds even though the court had not yet approved of the settlements. GPJW argues that wrongful-death proceeds do not belong to the decedent's estate, but rather to the persons designated by the wrongful-death statutes. GPJW contends that regardless of local court rules, it would have been improper to deposit the proposed settlement funds into the estate account without further direction from the probate court concerning the status and proposed distribution of those funds.

{¶ 27} GPJW is correct that wrongful-death proceeds do not become part of a decedent's estate. An action for wrongful death is a purely statutory action providing for damages for the beneficiaries as defined by the wrongful-death statute, R.C. 2125.01 et seq. The right to bring such an action is conferred only by statute and is the only civil remedy available to compensate surviving beneficiaries. *Keaton v. Ribbeck* (1979), 58 Ohio St.2d 443, 12 O.O.3d 375, 391 N.E.2d 307. Wrongful-death claims are brought in the name of the personal representative of a decedent's estate, "for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent." R.C. 2125.02(A). Where the representative is not a beneficiary, he is a nominal party. *In re Estate of Ross* (1989), 65 Ohio App.3d 395, 583 N.E.2d 1379.

{¶ 28} "Lower courts have reiterated that funds recovered by a personal representative in a wrongful death action are intended for the exclusive benefit of the statutory beneficiaries and are *not* an asset of the decedent's estate." (Emphasis sic.) *State ex rel. Goldberg v. Mahoning Cty. Probate Court* (2001), 93 Ohio St.3d 160, 163, 753 N.E.2d 192.

{¶ 29} Pursuant to R.C. 2125.02(C), the probate court must approve of settlements reached with wrongful-death defendants:

{¶ 30} "A personal representative appointed in this state, with the consent of the court making the appointment and at any time before or after the commencement of an action for wrongful death, may settle with the defendant the amount to be paid."

{¶ 31} It is clear from the record that the probate court presented GPJW with a Catch–22 scenario. The court reprimanded GPJW for attempting to enter into a settlement without prior court approval. On the other hand, the court also criticized GPJW for failing to immediately collect and transfer the proposed settlement funds to a specific estate account in Mahoning County designated by the court, even though there was no approved settlement when the money was received. Thus, GPJW was being sanctioned for both failing to treat the collected funds as settlement funds and for failing to wait for court approval before entering into a settlement agreement.

{¶ 32} Obviously there are potential problems with the way GPJW handled the settlement procedure in this appeal. The probate court was obviously concerned that GPJW might attempt to enter into a settlement without the knowledge or approval of the client. The probate court's concern is partially addressed in Ohio's Code of Professional Responsibility, DR 9–102, which states:

{¶ 33} "(B) A lawyer shall:

{¶ 34} "(1) Promptly notify a client of the receipt of his funds, securities, or other properties.

{¶ 35} " * * *

{¶ 36} "(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."

{¶ 37} A violation of DR 9–102 is a matter under the exclusive jurisdiction of the Ohio Supreme Court to resolve. Section 2(B)(1)(g), Article IV of the Ohio Constitution vests the Supreme Court with exclusive authority over "[a]dmission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law." The Ohio Supreme Court, in *Disciplinary Counsel v. Coleman* (2000), 88 Ohio St.3d 155, 157, 724 N.E.2d 402, held: "Section 2(B)(1)(g), Article IV of the Ohio Constitution gives the Supreme Court power over all matters relating to the practice of law." The Board of Commissioners on Grievances and Discipline of the Supreme Court has exclusive authority to recommend disciplinary actions to the court against licensed attorneys. Gov.Bar R. V(2).

{¶ 38} There is nothing in the record indicating what, if any, authority the probate court has relied upon to usurp the exclusive jurisdiction of the Ohio Supreme Court for the perceived violation of DR 9–102 or a similar local rule of the probate court. There is certainly nothing in Sup.R. 5 that would allow a probate court to impose monetary sanctions on an attorney for violating a specific rule in the Ohio Code of Professional Responsibility or a similar local court rule. Any further discussion of these issues on our part would be mere speculation, particularly since we have no arguments from appellee to illuminate our analysis.

{¶ 39} For the reasons stated above, GPJW's first argument under this assignment of error has merit and warrants a reversal of the probate court judgment.

{¶ 40} GPJW's second argument is that the probate court should not be permitted to impose such a severe sanction except upon a finding of bad faith or willful noncompliance with court orders, particularly since the local rule that GPJW supposedly violated did not exist at the time that many of the settlements were being negotiated.

{¶ 41} GPJW cites a case from this court dealing with sanctions imposed for violation of the rules of discovery in Civ.R. 26. *Cucciolillo v. E. Ohio Gas. Co.* (1980), 4 Ohio App.3d 36, 38, 4 OBR 59, 446 N.E.2d 175. It is not clear how the *Cucciolillo* case applies to the situation we find in the instant appeal.

{¶ 42} GPJW contends that the unwritten ten-percent-interest-penalty rule did not exist at the time that it received the proposed settlement funds. It appears that this is partially correct, because the local rules that GPJW allegedly violated did not become effective until March 14, 2002. At least some of the proposed

settlement funds for some GPJW clients were collected before then. There is also no provision in the Rules of Superintendence for purely oral local rules. Sup.R. 5(A)(1) allows courts to adopt local rules of practice that do not conflict with other rules established by the Ohio Supreme Court. Sup.R. 5 also provides for a hearing, appropriate notice of the rule, and filing the rule with the Supreme Court. If proposed local rules must be filed with the Supreme Court, they must surely be written.

{¶ 43} Furthermore, the only possible rule that the probate court could have been relying on, which is Loc.R. 70.5(C)(1) quoted above, does not provide the ten percent penalty that the probate court imposed. Although the probate court may have believed there was an understood rule governing these sanctions, there is nothing in the record revealing the means for litigation counsel to learn of this oral rule other than at the time of the sanction. Based on these reasons, it appears that GPJW's second argument is also correct.

{¶ 44} We are aware that the probate court has the authority under R.C. 2109.52 to impose a ten percent statutory penalty in a concealment action. A concealment action is a summary proceeding in which the probate court attempts to determine whether estate assets were concealed, converted, embezzled, or conveyed away. *State ex rel. Goldberg,* supra, 93 Ohio St.3d at 163, 753 N.E.2d 192. There is no indication, though, that any party filed a concealment complaint pursuant to R.C. 2109.50 or that any proceedings resembling a concealment action took place.

{¶ 45} GPJW's third argument involves the doctrine of the separation of powers. GPJW contends that the probate court has attempted to change the substantive law of fiduciaries by requiring GPJW, as a fiduciary, to hand over funds to a decedent's estate that properly belong to wrongful-death beneficiaries. According to the doctrine of the separation of powers, " 'each of the three grand divisions of the government, must be protected from encroachments by the others, so far that its integrity and independence may be preserved.' " *S. Euclid v. Jemison* (1986), 28 Ohio St.3d 157, 159, 28 OBR 250, 503 N.E.2d 136, quoting *Fairview v. Giffee* (1905), 73 Ohio St. 183, 187, 76 N.E. 865. GPJW does not explain how the probate court's local rules conflict with or usurp a legislative enactment that would encroach upon the authority of the legislative branch of government.

{¶ 46} GPJW is correct that the Ohio Constitution prohibits the Ohio Supreme Court (and by extension, courts subservient to the Supreme Court) from enacting rules that "abridge, enlarge, or modify any substantive right." Section 5(B), Article IV of the Ohio Constitution. GPJW asserts that the duties of a fiduciary involve substantive rights, but there is no further elaboration as to the content of

those substantive rights. Without some clearer indication of the substantive rights that are supposedly undermined by the local rules of the probate court, it is futile, if not impossible, to address this argument. We are not persuaded by GPJW's third argument under this assignment of error.

{¶ 47} Based on our analysis above, appellant Goldberg, Persky, Jennings & White's first assignment of error is overruled, and the February 5, 2004 judgment entry of the Mahoning County Court of Common Pleas, Probate Division, is affirmed with respect to the court's award of litigation expenses. We sustain GPJW's second assignment of error and reverse the probate court's judgment with respect to the ten percent interest penalty that was deducted from their attorney fees. Judgment is hereby entered in favor of GPJW in the amount of $603.99.

Judgment affirmed in part
and reversed in part.

GENE DONOFRIO, J., concurs.

DEGENARO, J., concurs in judgment only.