OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and Appellant's brief. Appellant, Goldberg, Persky, Jennings White, P.C., appeal the decisions of the Mahoning County Probate Court that imposed a sanction against Appellant in the form of reduced attorney's fees because Appellent delayed forwarding settlement funds to the Administratrix and deposited the funds in a Pennsylvania bank rather than an Ohio bank.
 {¶ 2} It is inappropriate for the probate court to sanction Appellant for these reasons. The sanctions the probate court imposed are not approved by law. Furthermore, the violations it refers to are more appropriately punished by disciplinary proceedings. Finally, it is difficult to see how Appellant's actions prejudiced the estate, so even the probate court's own local rules do not give it authority to sanction Appellant for these actions. Thus, the probate court abused its discretion and its decision is reversed and modified.
 Facts {¶ 3} Attilo DeChellis died on July 10, 1999, and his will was submitted to probate on August 4, 1999. Appellant subsequently represented the estate in asbestos-related wrongful death litigation. During this litigation, Appellant entered into numerous partial settlement agreements on behalf of the estate. It then filed two different partial applications with the probate court to approve both those settlements and the attorney's fees and expenses that Appellant claimed. The first application encompassed four different partial settlements amounting to $45,975.00. Appellant requested $15,325.00 in attorney's fees and $125.40 in litigation expenses in that application. The second application encompassed thirteen different partial settlements amounting to $18,272.25. Appellant requested $6,090.75 in attorney's fees and $248.91 in litigation expenses in that application.
 {¶ 4} After a hearing, the probate court approved the partial settlements. In the entry approving the first partial application, it also approved attorney's fees in the amount requested. However, it refused to award Appellant any litigation expenses. Furthermore, it reduced the amount awarded to Appellant by $2,150.55 in "penalty interest." In the entry approving the second partial application, the probate court again awarded attorney's fees in the amount requested. However, it only awarded Appellant $132.18 in litigation expenses and reduced the amount awarded to Appellant by $1,818.21 in "penalty interest."
 {¶ 5} In a judgment entry explaining its decision, the probate court stated that it found it appropriate to award the "penalty interest" to the beneficiary because Appellant "withheld sums from the Estate and depositing the same in Pittsburgh, Pennsylvania area accounts instead of local institutions, pursuant to O.R.C. 2109.41, and thereby hindering, delaying and obstructing the Executrix and the administration."
 {¶ 6} Upon timely appealing these judgments, Appellant moved for this court to stay the probate court's judgment and hold $4,210.89 in escrow. We granted that motion on October 28, 2004.
 Probate Court's Authority to Impose Sanctions {¶ 7} In its sole assignment of error, Appellant argues:
 {¶ 8} "The Probate Court erred by assessing penalty interest against Appellant's attorney's fees."
 {¶ 9} The issues Appellant raises in its brief have all been addressed in previous appeals by this Appellant from judgments of this probate court. We have previously required the probate court to hold a hearing before reducing the requested fees, In reEstate of Campbell, 7th Dist. Nos. 02 CA 186, 02 CA 187,2003-Ohio-7040, precluded it from retroactively applying a local rule giving it the authority to impose "penalty interest" for not distributing funds to an estate within a specified time, In reEstate of Covington, 7th Dist. No. 03 MA 98, 2004-Ohio-3639, and prevented it from reducing attorney's fees because funds were not deposited into a designated bank account in Mahoning County within a specified time. In re Estate of Traylor, 7th Dist. Nos. 03 MA 253, 03 MA 254, 03 MA 255, 03 MA 256, 03 MA 257, 03 MA 258, 03 MA 259, 03 MA 262, 2004-Ohio-6504, and In re Estate ofRobertson, 159 Ohio App.3d 297, 2004-Ohio-6509. Furthermore, we have held that Appellant's failure to provide us with a transcript is not fatal to its appeal since no Appellee's brief has been filed and App.R. 18(C) allows this court, in that circumstance, to accept Appellant's statement of the facts as correct and Appellant's presentation of the facts was reasonable in light of the probate court's judgment entries. In re Estateof Traylor, 7th Dist. Nos. 03 MA 253, 03 MA 254, 03 MA 255, 03 MA 256, 03 MA 257, 03 MA 258, 03 MA 259, 03 MA 262,2005-Ohio-1348. Finally, we recently held that neither R.C.2109.41 nor the probate court's own local rules allow it to reduce attorney's fees merely because funds were deposited in a Pennsylvania bank rather than an Ohio bank. In re Estate ofBlack, 7th Dist. Nos. 04 MA 70, 04 MA 71, 04 MA 72, 04 MA 73, 04 MA 75, 04 MA 77, 04 MA 78, 04 MA 79, 04 MA 85, 04 MA 86, 04 MA 121, 04 MA 122, 04 MA 123, 04 MA 124, 04 MA 125, 04 MA 126, 04 MA 127, 04 MA 128, 04 MA 129, 04 MA 131, 04 MA 132, 04 MA 133, 04 MA 135, 04 MA 137, 04 MA 138, 04 MA 139, 04 MA 140, 04 MA 141, 04 MA 151, 04 MA 152, 04 MA 153, 04 MA 196, 04 MA 197, 05 MA 20,2005-Ohio-5933.
 {¶ 10} This case is indistinguishable from these previous cases, especially Black. The probate court abused its discretion when it reduced Appellant's attorney's fees simply because Appellant deposited them in a Pennsylvania bank and did not distribute them to the estate in the time contemplated by a subsequent Local Rule. Appellant's assignment of error is meritorious.
 {¶ 11} Nevertheless, Appellant is not entitled to receive the full amount that is being held in escrow. The amount Appellant requested to be held in escrow includes both the difference between the litigation expenses requested and those awarded and the amount of "penalty interest" charged against the attorney's fees awarded. However, Appellant did not assign the trial court's decision not to award all of the requested litigation expenses as an error on appeal. Therefore, Appellant is only entitled the amount of penalty interest charged against its attorney's fees.
 {¶ 12} Our previous escrow order is vacated, the probate court's judgment is reversed and modified to reflect no interest reduction, Appellant is awarded $3,968.76, the amount of "penalty interest" charged against its fees, plus interest gained on the amount held in escrow during the pendency of this action, and the balance of escrowed funds remaining in the accounts will be returned to the Estate.
Vukovich, J., concurs.
W. Don Reader, J., Retired, of the Fifth District Court of Appeals, Sitting by Assignment., concurs.