[Cite as *In re Guardianship of Calvey*, 2020-Ohio-4221.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

IN RE GUARDIANSHIP OF
THOMAS J. CALVEY                    :

[Appeal by Thomas J. Calvey]        :

No. 109289

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 27, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Probate Division
Case No. 2019-GRD-246182

---

***Appearances:***

Edward M. Mullin, *for applicant-appellee.*

L. Bryan Carr, *for respondent-appellant.*

LARRY A. JONES, SR., P.J.:

{¶ 1} Respondent-appellant Thomas J. Calvey ("Calvey") appeals from the probate court's November 19, 2019 final order in this guardianship action. In relevant part, the order denied his request for sanctions against applicant-appellee Richard Antall ("Antall"). For the reasons that follow, we affirm.

## Procedural History

{¶ 2}  The record before us shows that in August 2019, Antall filed an application to be appointed the guardian of Calvey.  According to Antall's application, he and Calvey are first cousins.  Antall alleged that Calvey was incompetent because of his "confused mental state."  The court assigned an investigator to the case, and the matter was set for a hearing before a magistrate for September 24, 2019.

{¶ 3}  On September 6, 2019, counsel for Calvey filed a motion to dismiss and a motion for sanctions.  The motion to dismiss alleged that the application was "defective, deficient, and in violation of the Civil Rules, Revised Code and Rules of Superintendence for the Courts of Ohio."  The motion for sanctions was based on the alleged "frivolous nature" of the application and sought sanctions against Antall and his counsel in the form of an award of Calvey's attorney fees.

{¶ 4}  On September 17, 2019, Antall's counsel filed a motion to continue the magistrate's hearing "in order to further prepare for the hearing, locate witnesses, and gather the necessary medical and expert information needed in this case"; the motion to continue was granted.  On September 20, 2019, the investigator's report was filed.

{¶ 5}  On October 7, 2019, Calvey renewed his motions to dismiss and for sanctions.  In addition to the contentions previously made in his original motions, Calvey contended that his motions should also be granted because Antall never

opposed them and because the investigator's report stated that he found "no support" for the application.

{¶ 6} On October 30, 2019, Antall filed a dismissal of his application. On November 1, 2019, the magistrate issued a decision, in which Antall's withdrawal of his application was accepted, and the motions to dismiss were denied as moot. The magistrate noted that Calvey's motion to dismiss was based on (1) Antall's alleged failure to allege sufficient facts, and (2) Calvey's claim that the Ohio Rules of Superintendence were violated because the application did not have a statement of expert evaluation (or an allegation that Calvey refused to submit to evaluation). The magistrate's decision stated the following:

> This Court has historically allowed Applications for Guardianship to be accepted for filing without an accompanying Statement of Expert Evaluation with the understanding that such a Statement is required to be provided prior to or at hearing and certainly before any determination regarding whether guardianship should be granted may be made.

{¶ 7} Based on the above, the magistrate determined that Calvey's motion for sanctions should be dismissed.

{¶ 8} On November 19, 2019, the probate court, noting that no objections had been filed to the magistrate's decision, adopted the magistrate's decision as the final order of the court. This appeal followed. Calvey's sole assignment of error reads: "The trial court erred in denying appellant's motion for sanctions pursuant to R.C. 2323.51 and Civil Rule 11."

## Law and Analysis

{¶ 9} Initially, we note that the magistrate's decision specifically provided the following:

> A party shall not assign as error on appeal the court's appeal adoption of any finding of facts or conclusion of law in this magistrate's decision unless the party timely and specifically objects to the finding or conclusion as required by civil rule.

(All caps removed.)

{¶ 10} Calvey did not object to the magistrate's decision. An appellant's failure to object to a magistrate's decision waives all but plain error review on appeal. *Hamilton v. Hamilton*, 10th Dist. Franklin No. 14AP-1061, 2016-Ohio-5900, ¶ 6, citing *Lavelle v. Lavelle*, 10th Dist. Franklin No. 12AP-159, 2012-Ohio-6197, ¶ 8; Civ.R. 53(D)(3)(b). As provided in *Hamilton*:

> [I]n appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error seriously affects the basic fairness, integrity, or public reputation of the judicial process itself. *Uretsky v. Uretsky*, 10th Dist. [Franklin] No. 02AP-1011, 2003-Ohio-1455, ¶ 7, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 1997- Ohio-401, 679 N.E.2d 1099 (1997), syllabus. 'Indeed, the plain error doctrine implicates errors in the judicial process where the error is clearly apparent on the face of the record and is prejudicial to the appellant.' *Skydive Columbus Ohio, L.L.C. v. Litter*, 10th Dist. [Franklin] No. 09AP-563, 2010-Ohio-3325, ¶ 13, citing *Reichert v. Ingersoll*, 18 Ohio St.3d 220, 223, 18 Ohio B. 281, 480 N.E.2d 802 (1985). "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." *In re C.M.*, 10th Dist. [Franklin] No. 07AP-933, 2008-Ohio-2977, ¶ 50, quoting *State v. Moreland*, 50 Ohio St.3d 58, 62, 552 N.E.2d 894 (1990).

*Hamilton* at ¶ 8.

{¶ 11} With the above in mind, we consider Calvey's assignment of error.

## Standard of Review

{¶ 12} The parties disagree on the standard of our review. Calvey contends that because the probate court denied his motion on "its own erroneous, unwritten 'Rule' that contradicts the Rules of Superintendence," we review de novo. On the other hand, Antall contends that we must accord great deference to the probate court's decision and, therefore, review for an abuse of discretion.

{¶ 13} If the issue is whether the probate court had the authority to impose a sanction pursuant to a rule, it is a question that is reviewed de novo on appeal. *In re Estate of Robertson*, 159 Ohio App.3d 297, 2004-Ohio 6509, 823 N.E.2d 904 ¶ 24 (7th Dist.), citing *Cleveland Elec. Illum. Co. v. PUC*, 76 Ohio St.3d 521, 523, 668 N.E.2d 889 (1996). If the probate court has the authority under a rule to impose a monetary sanction, the actual imposition of, or failure to impose, a sanction is reviewed for abuse of discretion. *In re Estate of Robertson* at *id.*; *In re Davis*, 8th Dist. Cuyahoga No. 82233, 2003-Ohio-5074, ¶ 13.

{¶ 14} For example, in *In re Estate of Robertson*, the Seventh Appellate District stated that determining whether a violation of Mahoning County Loc.R. 70.5(C)(1), governing depositing wrongful death/survival beneficiaries funds, allowed for a monetary sanction, would be reviewed de novo. *Id.* If the court had the authority to impose the sanction, "the actual imposition of the sanction is reviewed for abuse of discretion." *Id.*, citing *State ex rel. Fant v. Sykes*, 29 Ohio St.3d 65, 505 N.E.2d 966 (1987) (regarding pretrial discovery sanctions under Civ.R.

11 and 37); *Ron Scheiderer & Assocs. v. London*, 81 Ohio St.3d 94, 97, 689 N.E.2d 552 (1998) (regarding sanctions for frivolous conduct by an attorney).

{¶ 15} In light of the above, we review de novo whether Rule 66(A) of the Rules of Superintendence, which Calvey contends Antall violated, permits monetary sanctions for a violation thereof. The rule provides in its entirety as follows: "All applications for the appointment of a guardian on the grounds of mental incompetency shall be accompanied by either a statement of a physician or clinical psychologist or a statement that the prospective ward has refused to submit to an examination." *Id.* The rule is silent on sanctions for violating it, and we have not found (nor does Calvey cite to) any case where sanctions have been imposed for violating it.

{¶ 16} We next consider, under the abuse-of-discretion standard generally utilized for a probate court's decision regarding sanctions for alleged frivolous conduct, the court's denial of Calvey's motion for sanctions, which were made under R.C. 2323.51 and Civ.R. 11.

{¶ 17} R.C. 2323.51(B)(1) provides that a "party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal."

{¶ 18} "Frivolous conduct" includes conduct that: (1) "obviously serves merely to harass or maliciously injure another party to the civil action * * * or is for another improper purpose, including, but not limited to, causing unnecessary delay

or a needless increase in the cost of litigation"; (2) "is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law"; or (3) "conduct consist[ing] of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." R.C. 2323.51(A)(2)(i)-(iii).

{¶ 19} Civ.R. 11 provides that "[t]he signature of an attorney * * * constitutes a certificate by the attorney * * * that the attorney * * * has read the document; that to the best of the attorney's * * * knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay."

{¶ 20} According to Calvey, Antall's motivation for filing the guardianship application was to assist Calvey's mother and brother in civil litigation they were engaged in against Calvey. Further, Calvey contends that Antall's application that alleged that Calvey had a "confused mental state," was insufficient to meet the legal definition of an incompetent person. And, as mentioned, Calvey contends that Antall's application violated Rule 66 of the Rules of Superintendence because it was not accompanied by an expert statement.

{¶ 21} In regard to Calvey's claim about Antall's motive for filing the guardianship application, it is a claim for which the only evidence in the record directed toward it is Calvey's affidavit. Calvey's affidavit is naturally self-serving;

standing alone, without corroborating evidence, we find no abuse of discretion in the court's denial of Calvey's motion for sanctions based on that ground.

{¶ 22} In regard to Calvey's claim that Antall's allegation of Calvey's "confused mental state" was insufficient for a guardianship application, we note that Ohio is a notice pleading state. Under the notice pleading required by Civ.R. 8(A), the complaint shall contain: "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled." Although Antall's allegation of Calvey's "confused mental state" did not mirror the legal language of the guardianship statute, it was sufficient to give notice of his claim.[1]

{¶ 23} We also find no merit to Calvey's contention that he should have been granted sanctions against Antall for his failure to file an expert statement with his application. As the probate court noted, it historically accepts applications for guardianships without expert statements and, instead, requires them to be "provided prior to or at hearing and certainly before any determination regarding whether guardianship should be granted may be made."

{¶ 24} Courts have inherent power independent of legislative enactment. *See generally Jelm v. Jelm*, 155 Ohio St. 226, 240, 98 N.E.2d 401 (1951). Inherent powers are those powers of a court "necessary to the orderly and efficient exercise

---

[1]R.C. 2111.01(D)(1) defines an "incompetent person" as "[a]ny person who is so mentally impaired, as a result of a mental or physical illness or disability, as a result of intellectual disability, or as a result of chronic substance abuse, that the person is incapable of taking proper care of the person's self or property or fails to provide for the person's family or other persons for whom the person is charged by law to provide."

of jurisdiction. Such powers, from both their nature and their ancient exercise, must be regarded as inherent. * * * Without such power no other could be exercised." *Hale v. State*, 55 Ohio St. 210, 213, 45 N.E. 199 (1896). Antall could not be sanctioned for doing something that the court, in its inherent power, permits.

{¶ 25} In light of the above, Calvey's sole assignment of error is overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR