[Cite as *Tredanary v. Fritz*, 2018-Ohio-2374.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| ANTOINETTE TREDANARY, | : | **O P I N I O N** |
| Petitioner-Appellant, | : | |
| - vs - | : | **CASE NO. 2017-L-173** |
| DANIEL FRITZ, | : | |
| Respondent-Appellee. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Domestic Relations Division, Case No. 2017 DV 000153.

Judgment: Reversed and remanded.

*David M. Lynch*, 333 Babbitt Road, Suite 333, Euclid, OH 44123 (For Petitioner-Appellant).

*Elaine Tassi*, 34955 Chardon Road, Willoughby Hills, OH 44094 (For Respondent-Appellee).


DIANE V. GRENDELL, J.

{¶1} Petitioner-appellant, Antoinette Tredanary, appeals an award of attorney fees from the Lake County Court of Common Pleas, Domestic Relations Division. The issue before this court is whether a court may avoid holding a hearing on a motion for sanctions pursuant to R.C. 2323.51 and Civil Rule 11 where the court determines such a hearing would be burdensome for the parties. For the following reasons, we reverse the decision of the court below and remand for further proceedings.

{¶2} On July 19, 2017, Tredanary filed a Petition for Domestic Violence Civil Protection Order (R.C. 3113.31) alleging that the respondent-appellee, Daniel Fritz, had committed acts of domestic violence against their son.[1] A Civil Protection Order was issued ex parte allocating to Tredanary "temporary possession of the protected child."

{¶3} On August 17, 2017, following the full hearing on the Petition mandated by Civil Rule 65.1, a Magistrate's Order issued, dismissing the Petition and terminating the ex parte Order as Tredanary failed to meet her burden of proof.

{¶4} On August 29, 2017, Tredanary filed Objections to the Magistrate's Decision with a Request for Leave to Supplement these Objections once the Transcript of the Hearing is Prepared. The domestic relations court granted Tredanary until September 29, 2017, to file the transcript and supplemental objections.

{¶5} On September 15, 2017, Fritz filed a Motion for Attorney Fees and Expenses pursuant to R.C. 2323.51 and a Motion for Sanctions pursuant to Civil Rule 11.

{¶6} On September 25, 2017, a Magistrate's Order issued, ruling that "the respondent's motions shall be set for hearing, once the petitioner's objections have been decided."

{¶7} On October 23, 2017, the domestic relations court adopted the August 17 Magistrate's Order and overruled Tredanary's Objections. The court noted that Tredanary failed to file a transcript of supplementary objections and, inasmuch as "the Petitioner's objection is fact based, said objection cannot be considered without a transcript." With respect to Fritz' Motions for Attorney Fees and Sanctions, the court ruled: "Counsel for the Respondent is ordered to file by November 9, 2017, her affidavit

---

1. Tredanary and Fritz are former spouses. Following the parties' divorce, Fritz has full custody of the minor child while Tredanary has supervised parenting time.

of fees and companion billing invoice detailing the legal services provided in the instant case for the Court's consideration."

{¶8} On November 3, 2017, counsel for Fritz submitted an Affidavit of Reasonable Attorney Fees and Costs in the amount of $3,690.

{¶9} On November 27, 2017, the domestic relations court awarded Fritz attorney fees in the amount of $3,690. The court held:

> The Court finds a hearing on the Respondent's August 29, 2017 Motion for Attorney Fees and Costs will only increase the attorney fees incurred by both parties. Such a hearing would be burdensome for both parties and inequitable as to the Respondent. The Petitioner has had over 21 days to file a response to the Respondent's fee affidavit and chose not to do so. The Court finds the fee affidavit of Respondent's counsel as to the fees incurred herein reasonable and equitable.

{¶10} On December 27, 2017, Tredanary filed a Notice of Appeal. On appeal, she raises the following assignment of error:

{¶11} "[1.] The trial court committed error in awarding attorney fees without a hearing after specifically ordering that a hearing would be held on that issue, the motion for fees not timely filed to begin with."

{¶12} It has generally been held that a trial court is required to hold a hearing when sanctions are imposed under R.C. 2323.51 or Civil Rule 11. *State ex rel. Ebbing v. Ricketts*, 133 Ohio St.3d 339, 2012-Ohio-4699, 978 N.E.2d 188, ¶ 24 ("[i]t is an abuse of discretion to award attorney fees [under Civ.R. 11 and R.C. 2323.51] without [an evidentiary] hearing") (citation omitted).[2]

---

2. As this court has acknowledged on multiple occasions, the standard of review employed by an appellate court when reviewing the imposition of sanctions for frivolous conduct "varies and is contingent upon the basis for the trial court's decision." *Keith-Harper v. Lake Hosp. Sys., Inc.*, 2017-Ohio-7361, 96 N.E.3d 823, ¶ 23 (11th Dist.). Inasmuch as neither the statute nor the case law interpreting the Rule hold that the decision to hold a hearing when granting a motion for sanctions is discretionary, we shall apply the de novo standard of review appropriate "when reviewing legal conclusions" to the issue. (Citation omitted.) *Burnett v. Burnett*, 11th Dist. Ashtabula No. 2010-A-0035, 2011-Ohio-2839, ¶ 10.

{¶13} The requirement is express in the statute authorizing an award of attorney fees for frivolous conduct:

> An award may be made * * * only after the court does all of the following:
>
> (a) Sets a date for a hearing to be conducted in accordance with division (B)(2)(c) of this section * * *;
>
> (b) Gives notice of the date of the hearing described in division (B)(2)(a) of this section * * *;
>
> (c) Conducts the hearing described in division (B)(2)(a) of this section in accordance with this division, allows the parties and counsel of record involved to present any relevant evidence at the hearing, * * * determines that the conduct involved was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made.

R.C. 2323.51(B)(2); *Dennison v. Lake Cty. Commrs.*, 11th Dist. Lake No. 2013-L-097, 2014-Ohio-4295, ¶ 15 ("a hearing is required by R.C. 2323.51(B)(2) before a court can *grant* an award of attorney fees").

{¶14} Although an evidentiary hearing is not expressly required by the Civil Rule, when sanctions have been imposed for violations of the Rule the "courts have held that an evidentiary hearing is required." *Ebbing* at ¶ 24, citing *Burnett v. Burnett*, 11th Dist. Ashtabula No. 2010-A-0035, 2011-Ohio-2839, ¶ 26 ("the trial court erred in finding appellant's conduct to be frivolous and awarding attorney fees * * * without first engaging in a hearing").

{¶15} In the present case, there is no indication that Tredanary waived the required hearing or otherwise agreed to have the matter determined based on affidavits. Although Tredanary did not respond to Fritz' Affidavit of Reasonable Attorney Fees and Costs, the expectation that the matter would be set for an evidentiary hearing was reasonable in light of the statutory mandate, case law interpreting the Rule, and the magistrate's statement that the matter would be set for hearing "once the petitioner's

4

objections have been decided." Furthermore, we are aware of no case law holding that the hearing on sanctions may be dispensed with to avoid burdening the parties.

**{¶16}** We must also address Tredanary's argument that Fritz' Motion violated Lake County Court of Common Pleas, Domestic Relations Division, Local Rule 17 which provides that "[p]arties must file a motion for attorney fees or expenses no later than seven days before the hearing on the issue that gives rise to the request for the fees," and that the failure to do so "shall result in the Court's denial of the motion for attorney fees or expenses." Local Rules 17.01(A) and 17.02. Tredanary notes that Fritz' September 15, 2017 Motion was filed 49 days after the July 28, 2017 hearing on the Petition.

**{¶17}** Tredanary's argument is meritless. As Fritz notes, this court has often recognized that "the enforcement of local rules is a matter within the discretion of the court promulgating the rules, and a violation of a local rule is generally insufficient support for a reversal." *Iacampo v. Oliver-Iacampo*, 11th Dist. Geauga No. 2011-G-3026, 2012-Ohio-1790, ¶ 39.

**{¶18}** We further note that R.C. 2323.51(B)(1) allows a movant until "thirty days after the entry of final judgment in a civil action or appeal" to file a motion for sanctions. Statutory enactments may not be abrogated by local rules of court. *Krupansky v. Pascual*, 27 Ohio App.3d 90, 92, 499 N.E.2d 899 (9th Dist.1985) ("while the courts of common pleas have the inherent power to make reasonable rules regulating practice and procedure in those courts, these rules must not be in conflict with the statutes"), citing *Cassidy v. Glossip*, 12 Ohio St.2d 17, 231 N.E.2d 64 (1967), paragraph three of the syllabus ("[a] Common Pleas Court has inherent power to make reasonable rules regulating the practice and procedure in such court where such rules do not conflict with

5

the Constitution or with any valid statute"). To the extent that Local Rule 17 conflicts with R.C. 2323.51(B)(1), the Rule is unenforceable.

{¶19} The sole assignment of error is with merit.

{¶20} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, awarding Fritz attorney fees is reversed and this case is remanded for further proceedings consistent with this opinion. Fritz' request, raised in his appellee's brief, that we determine this to be a frivolous appeal is denied. Costs to be taxed against the appellee.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.