[Cite as *Wilson v. Wilson*, 2023-Ohio-1752.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CALVIN WILSON, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112105 |
| v. | : | |
| GERALDINE WILSON, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 25, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-15-357243

*Appearances:*

L. Bryan Carr, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Geraldine Wilson ("Geraldine"), appeals the trial court's judgment denying her motion for attorney fees and sanctions pursuant to R.C. 3105.73, 2323.51, and Civ.R. 11 ("Fees and Sanctions Motion"). For the reasons set forth below, we affirm.

### I. Facts and Procedural History

**{¶ 2}** Geraldine and Calvin Wilson's ("Calvin") 25-year marriage was terminated by way of an Agreed Judgment Entry Decree of Divorce journalized in June 2016. In June 2021, Calvin filed a pro se postdecree motion to modify spousal support stating in the affidavit "no job * * * finances changed on disability." He also filed a poverty affidavit.

**{¶ 3}** Three months later, Calvin retained an attorney who filed a notice of appearance and a motion to show cause requesting that Geraldine be found in contempt for 1) staying in the marital residence and failing to pay rent as contemplated in the parties' divorce decree; 2) incurring water expenses during that time; 3) causing Calvin to expend funds to reclaim his possessions from the marital home; 4) failing to pay the gas bill; and 5) failing to pay debt to Cleveland Water using a jointly filed tax return refund.

**{¶ 4}** Geraldine filed a motion to compel discovery with a request for attorney fees and sanctions for Calvin's failure to provide responses to interrogatories and requests for production of documents. Calvin opposed the motion, claiming Geraldine did not attempt to resolve discovery disputes in good faith prior to seeking court intervention. Geraldine filed a reply arguing any such assertion was a "blatant misrepresentation."

**{¶ 5}** In March 2022, Calvin filed a notice of amendments to his motion to show cause. Therein, Calvin indicated that the discovery process revealed that Geraldine's attorney received a tax refund, paid Cleveland Water, and sent the parties a check for the remainder. Accordingly, Calvin struck the fifth contested

issue regarding the Cleveland Water debt from his motion to show cause. The remaining issues remained pending. Calvin also filed a witness list and issued a subpoena to one of the witnesses. Geraldine filed a motion to preclude some of the identified witnesses, and Calvin filed a memorandum in opposition.

{¶ 6} On April 11, 2022, a hearing before the magistrate ("April Hearing") was held on Calvin's motion to modify support and motion to show cause and Geraldine's motion to compel discovery and motion to preclude witnesses. Testimony was heard from Calvin and Geraldine and exhibits from both parties were admitted into evidence. Written closing arguments were filed on May 2, 2022.

{¶ 7} In a single-spaced, 13-page decision issued on May 11, 2022 ("May Mag. Dec."), the magistrate thoroughly analyzed the relevant law, the arguments raised by each party, and the evidence and testimony presented at the April Hearing. In her analysis of Calvin's motion to modify spousal support, the magistrate questioned Calvin's credibility and the accuracy of the evidence he presented. Ultimately, the magistrate concluded that there was a substantial change in Calvin's circumstances, but Calvin's financial situation remained the same and may have even improved. Therefore, the magistrate found that Calvin's spousal support obligation was not subject to modification.

{¶ 8} Turning to Calvin's motion to compel, the magistrate concluded that Geraldine failed to comply with the terms of the divorce decree as it related to the rent payments but declined to find Geraldine in contempt. The magistrate found the remainder of Calvin's contentions moot. To remedy his motion to show cause,

Calvin received a reduction in spousal support arrearages based on the rent payments he did not receive.

{¶ 9} Lastly, the magistrate recited R.C. 3105.73(B) and made the following findings regarding attorney fees:

> [Geraldine] has requested that [Calvin] pay her attorney fees incurred in connection with this proceeding.
>
> * * *
>
> After considering the factors in R.C. 3105.73(B), the Court finds it not equitable to award reasonable attorney fees based upon lack of evidence presented regarding attorney fees incurred.

(May Mag. Dec., 05/11/22.)

{¶ 10} Ultimately, the magistrate denied Calvin's motion to modify support; granted in part and denied in part Calvin's motion to show cause; dismissed as moot Geraldine's motion to compel discovery with request for attorney fees and sanctions; and noted that Geraldine's motion to preclude witnesses was orally denied during the April Hearing. No objections were filed by either party following the issuance of the May Mag. Dec. and a judgment entry adopting the magistrate's decision was journalized on June 1, 2022 ("June JE"). The June JE stated: "The court adopts the [May Mag. Dec.] in its entirety. No objections were filed thereto and therefore the parties are found to have waived their right to any further hearing." (June JE, 06/1/22.) No appeals were filed.

{¶ 11} On June 30, 2022, Geraldine filed the Fees and Sanctions Motion, the motion from which this appeal stems, against Calvin and Calvin's attorney. Therein,

Geraldine repeated many of the allegations and arguments raised in her written closing argument from the April Hearing. Geraldine claimed that "[Calvin]'s perjury began with his initial filing" and that his motions to modify support and show cause were "false and without merit." Geraldine also alleged she was unable to pay attorney fees to defend "such nonsense." Therefore, Geraldine argued that equity required the court to award attorney fees pursuant to R.C. 3105.73(B) "given [Calvin]'s abhorrent, fraudulent, and despicable behavior." Geraldine further asserted that Calvin and his counsel engaged in frivolous conduct pursuant to R.C. 2323.51 and Civ.R. 11 and requested the court schedule a hearing to determine appropriate sanctions. No exhibits were attached to the motion.

{¶ 12} On July 13, 2022, Calvin's attorney filed a brief in opposition to the Fees and Sanctions Motion as well as a motion to withdraw as counsel. Calvin's counsel advised that she had not heard from Calvin or been retained to represent him in further postdecree matters. Nonetheless, Calvin's attorney argued that the Fees and Sanctions Motion was not properly served and was barred by res judicata. Calvin's counsel further argued that several of the claims alleged in Calvin's motion to show cause were dismissed because they no longer appeared to have merit after discovery was completed. Lastly, Calvin's counsel maintained that the remaining claims were warranted under the law and had merit; this was evidenced by the trial court's rulings on his postdecree motions. Therefore, Calvin's counsel concluded these motions were not frivolous or sanctionable.

{¶ 13} On July 25, 2022, Geraldine opposed Calvin's counsel's motion to withdraw and filed a reply to Calvin's brief in opposition. In her reply, Geraldine argued that service was proper because Calvin invoked the court's jurisdiction when he filed his postdecree motion to modify support and the case remained pending. Geraldine further asserted that Calvin's res judicata argument was "laughable" because her prior request for attorney fees was related to her motion to compel discovery and involved "different issues * * * that cannot be litigated prior to the Court ruling on the underling Motion to Terminate Support."

{¶ 14} Ultimately, Calvin's counsel's motion to withdraw was granted by the trial court on August 11, 2022. A hearing before the magistrate on the Fees and Sanctions Motion was originally scheduled for August 8, 2022. The hearing was cancelled and rescheduled for an in-person hearing on August 15, 2022. On August 15, an in-person pretrial was held.[1] On August 16, 2022, a docket entry states, "Delivery of documents/submission of briefs set for 8/29/2022 at 04:00 before magistrate" in regard to Geraldine's Fees and Sanctions Motion.

{¶ 15} On September 21, 2022, a judgment entry ("September JE") was issued by the trial court judge denying the Fees and Sanctions Motion. The September JE first considered Geraldine's request for attorney fees pursuant to R.C. 3105.73. The trial court recited R.C. 3105.73(B), the law establishing the

---

[1] In her appellant brief, Geraldine notes that this pretrial was off the record and held by the magistrate. Geraldine claims that there was a disagreement as to whether the court previously denied an award of attorney fees based on R.C. 3105.73 or Geraldine's Civ.R. 37 motion to compel following the April Hearing. This court notes that it can only review the record and cannot consider matters outside of it.

potential award of attorney fees in postdecree proceedings, and Loc.R. 21 of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division ("Loc.R. 21"), the local rule establishing the procedures and requirements for seeking attorney fees in the trial court. Ultimately, the court held:

> In the case at bar, [Geraldine]'s [Fees and Sanctions Motion] with Request to Bifurcate Issues was filed on June 30, 2022, after the matter was heard on April 11, 2022. [Geraldine]'s Motion to Compel Discovery with Request for Attorney Fees and Sanctions, filed on September 27, 2021, prior to trial, was dismissed as moot by this Court and was not appealed by [Geraldine]. There is no evidence in the record as to an itemized statement being presented as evidence. In fact, this Court specifically stated in the [May Mag. Dec.]: "After considering the factors in R.C. 3105.73(B), the Court finds it not equitable to award reasonable attorney fees based upon lack of evidence presented regarding the attorney fees incurred." In addition to not being timely, [Geraldine]'s [Fees and Sanctions Motion] fails to provide any further evidence in support of the requested fees. Therefore, [Geraldine]'s request for Attorney Fees is not well-taken.

(September JE, 09/21/22.)

{¶ 16} Next, the September JE considered Geraldine's request for attorney fees and sanctions pursuant to R.C. 2323.51 and Civ.R. 11. The trial court described the requirements for establishing "frivolous conduct" as proscribed by R.C. 2323.51 and interpreted by the Ohio Supreme Court and the 8th District. In holding that the filings and actions of Calvin and his counsel did not amount to "frivolous conduct," the trial court found:

> In the case at bar, this Court sat as the trier of fact on the multiple pending motions [at the April Hearing], issued a decision on the pending motions with extensive findings of fact and conclusions of law, and conducted pretrial proceedings on the matter dating back to June 2, 2021, when the post-decree motion to modify spousal support was filed. This Court did not find frivolous conduct to be apparent.

While this Court did call into question [Calvin]'s credibility, this Court specifically declined to award attorney fees in the [May Mag. Dec.]. Again, after a thorough review, this Court declines to award any further sanctions. [Calvin's] credibility is questionable, but [Geraldine] was also found to be in violation of the parties' Agreed Judgment Entry Decree of Divorce as it related to her payment of rent, part of the allegations listed in the Motion to Show Cause. As for counsel for [Calvin], counsel specifically filed to amend the Motion to Show Cause based on information received through the discovery process.

(September JE, 9/21/22.)

{¶ 17} It is from this order Geraldine appeals, raising the following two assignments of error for review:

> **Assignment of Error I**: The trial court erred in relying on Local Rule 12 [sic] to deny [Geraldine]'s R.C. 3105.73 motion for attorney fees.

> **Assignment of Error II:** The trial court erred in denying [Geraldine]'s R.C. 2323.51 motion for attorney fees and sanctions.[2]

## II. Law and Analysis

### A. Initial Matters: The Record Before Us and Geraldine's Failure to Object or Appeal to Prior Rulings

{¶ 18} We begin by noting that the record received by this court does not contain any exhibits or transcripts from the April Hearing. The burden is on the appellant to provide a transcript to support its arguments. App.R. 9(B)(1). Without a transcript or alternative record, this court must presume that the trial court considered all of the evidence presented and arguments raised. *In re G.J.A.*, 8th Dist. Cuyahoga Nos. 107220 and 107575, 2019-Ohio-1768, ¶ 12, quoting *Miranda v.*

---

[2] We note that no appellee brief was filed.

*Saratoga Diagnostics*, 2012-Ohio-2633, 972 N.E.2d 145, ¶ 26 (8th Dist.). When regularity is presumed, "'we accept the factual findings of the trial court as true and limit our review to the legal conclusions of the trial court.'" *Id.*, quoting *Bailey v. Bailey*, 8th Dist. Cuyahoga No. 98173, 2012-Ohio-5073, ¶ 8, citing *Snider v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 11AP-965, 2012-Ohio-1665, ¶ 8.

{¶ 19} We further note that according to Civ.R. 53(D)(3)(b)(iv), "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Thus, "failure to object to a magistrate's decision waives all but plain error on appeal." *In re Guardianship of Calvey*, 8th Dist. Cuyahoga No. 109289, 2020-Ohio-4221, ¶ 10, citing *Hamilton v. Hamilton*, 10th Dist. Franklin No. 14AP-1061, 2016-Ohio-5900, ¶ 6, citing *Lavelle v. Lavelle*, 10th Dist. Franklin No. 12AP-159, 2012-Ohio-6197, ¶ 8. Geraldine did not file any written objections to the May Mag. Dec. pursuant to Civ.R. 53(D)(3)(b). Nor did she raise any claims, plain error or otherwise, on appeal after the June JE adopted the May Mag. Dec. in its entirety.

{¶ 20} It appears that Geraldine now attempts to use the trial court's September JE denying her Fees and Sanctions Motion to challenge the court's findings in the May Mag. Dec. and June JE in this appeal. Geraldine, however, cannot bootstrap any claims from the trial court's prior postdecree motion rulings in this appeal:

> "Bootstrapping" is "the utilization of a subsequent order to indirectly and untimely appeal a prior order that was never directly appealed." *State v. Williamson*, 8th Dist. Cuyahoga No. 102320, 2015-Ohio-5135, ¶ 9. Such attempt is "procedurally anomalous and inconsistent with the appellate rules that contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order" and is disfavored. *Williamson*, citing *State v. Church*, 8th Dist. Cuyahoga No. 68590, 1995 Ohio App. LEXIS 4838 (Nov. 2, 1995); *Bd. of Health v. Petro*, 8th Dist. Cuyahoga No. 104882, 2017-Ohio-1164, ¶ 12 (noting this court's consistent declination to consider bootstrapped claims).

*State v. Bhambra*, 8th Dist. Cuyahoga No. 105283, 2017-Ohio-8485, ¶ 12.

{¶ 21} Accordingly, we presume regularity, decline to review any arguments regarding the May Mag. Dec. and June JE, and proceed to our analysis of Geraldine's assignments of error with these concepts in mind.

## B. R.C. 3105.73 Motion for Attorney Fees

{¶ 22} In her first assignment of error, Geraldine argues that the trial court's denial of her R.C. 3105.73 motion for attorney fees based upon her noncompliance with Loc.R. 21 is erroneous because the local rule "conflict[s] and unduly restrict[s]" R.C. 3105.73. Geraldine claims that "R.C. 3105.73 does not contain a time-frame or deadline, yet allows post-decree proceedings to run its course."

{¶ 23} The decision to award attorney fees under R.C. 3105.73 lies within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. *Allan v. Allan*, 8th Dist. Cuyahoga No. 107142, 2019-Ohio-2111, ¶ 95, citing *Huffer v. Huffer*, 10th Dist. Franklin No. 09AP-574, 2010-Ohio-1223, ¶ 19; *Rand v. Rand*, 18 Ohio St.3d 356, 359, 481 N.E.2d 609 (1985) ("It is well-established that an award of attorney fees is within the sound discretion of the trial court.").

"Under this highly deferential standard of review, we 'may not freely substitute [our] judgment for that of the trial court.'" *Allan* at ¶ 95, quoting *Dannaher v. Newbold*, 10th Dist. Franklin Nos. 05AP-172 and 05AP-650, 2007-Ohio-2936, ¶ 33.

{¶ 24} Likewise, courts are given latitude when following their own local rules and the enforcement of those rules is generally within the promulgating court's discretion. *Colosimo v. Kane*, 8th Dist. Cuyahoga No. 101053, 2015-Ohio-3337, ¶ 42, citing *In re D.H.*, 8th Dist. Cuyahoga No. 89219, 2007-Ohio-4069, ¶ 25, and *Jackson v. Jackson*, 11th Dist. Lake Nos. 2011-L-016 and 2011-L-017, 2012-Ohio-662, ¶ 30. "Local rules are created with the purpose of promoting the fair administration of justice and eliminating undue delay" and "also assist practicing attorneys by providing guidelines for orderly case administration." *Cavalry Invests. v. Dzilinski*, 8th Dist. Cuyahoga No. 88769, 2007-Ohio-3767, ¶ 16. "Courts are vested with inherent power to establish procedural rules if they are reasonable and do not conflict with the organic law, or any valid statute." *Cassidy v. Glossip*, 12 Ohio St.2d 17, 231 N.E.2d 64 (1967); s*ee also* Ohio Constitution, Article IV, Section 5 ("Courts may adopt additional rules concerning local practice in their respective courts which are not inconsistent with the rules promulgated by the Supreme Court.") and Sup.R. 5(A) ("Nothing in these rules prevents a court or a division of a court from adopting any local rule of practice [consistent with the rules promulgated by the supreme court] that promotes the use of any device or procedure to facilitate the expeditious disposition of cases.").

{¶ 25} R.C. 3105.73(B) provides an avenue for addressing the issue of attorney fees and litigation expenses in postdecree proceedings. The statute provides:

> In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.

R.C. 3105.73(B).

{¶ 26} While R.C. 3105.73 establishes the means and method for awarding attorney fees and litigation expenses, Loc.R. 21 provides the procedure for seeking redress:

> (A) How Made.
>
> > (1) A request for attorney fees and expenses to prosecute an action shall be included in the body of the motion or other pleading that gives rise to the request for fees.
> >
> > (2) A request for attorney fees and expenses to defend an action shall be by motion filed at least 14 days prior to the hearing on the motion being defended.
> >
> > (3) No oral motion for fees shall be entertained unless good cause is shown why the provisions of this rule could not be complied with and jurisdiction is reserved in any order resulting from the hearing.
>
> (B) Evidence in Support of Motion. At the time of the final hearing on the motion or pleading that gives rise to the request for attorney fees, the attorney seeking such fees shall present:

(1) An itemized statement describing the services rendered, the time for such services, and the requested hourly rate for in-court time and out-of-court time;

(2) Testimony as to whether the case was complicated by any or all of the following:
 (a) new or unique issues of law;
 (b) difficulty in ascertaining or valuing the parties' assets;
 (c) problems with completing discovery;
 (d) any other factor necessitating extra time being spent on the case;

(3) Testimony regarding the attorney's years in practice and experience in domestic relations cases; and

(4) Evidence of the parties' respective income and expenses, if not otherwise disclosed during the hearing.

(C) Expert testimony is not required to prove reasonableness of attorney fees.

(D) Failure to comply with the provisions of this rule shall result in the denial of a request for attorney fees, unless jurisdiction to determine the issue of fees is expressly reserved in any order resulting from the hearing.

Loc.R. 21.

{¶ 27} Because R.C. 3105.73 is silent as to procedures and deadlines for seeking an award of attorney fees, it cannot be said that Loc.R. 21 conflicts with the statute. Nor has Geraldine provided any support or basis for her claim that "R.C. 3105.73 intentionally has no deadline" and a local rule imposing one is "inappropriate." Rather, Geraldine cites *Tredanary v. Fritz*, 2018-Ohio-2374, 114 N.E.3d 615 (11th Dist.), in support of her argument that Loc.R. 21 conflicts with R.C. 3105.73. However, the statutory conflict therein is readily distinguishable.

{¶ 28} Much like Geraldine's second assignment of error, *Tredanary* involved a motion for sanctions pursuant to R.C. 2323.51 and Civ.R. 11. *Id.* at ¶ 1. There, Loc.R. 17 of the Lake County Court of Common Pleas, Domestic Relations Division, provided that "[p]arties must file a motion for attorney fees or expenses no later than seven days before the hearing on the issue that gives rise to the request for the fees" and that the failure to do so "shall result in the Court's denial of the motion for attorney fees or expenses." *Id.* at ¶ 16. The *Tredanary* Court noted that R.C. 2323.51(B)(1) specifically "allows a movant until 'thirty days after the entry of final judgment in a civil action or appeal' to file a motion for sanctions." *Id.* at ¶ 18. In so noting, the court held that the local rule was unenforceable to the extent that it conflicted R.C. 2323.51(B)(1). *Id.*

{¶ 29} While a direct conflict existed in *Tredanary*, the same cannot be said here. As noted above, R.C. 3105.73 does not prescribe any procedures or deadlines for seeking an award of attorney fees, as was the case in *Tredanary*. Loc.R. 21 merely develops a local practice and provides a procedure to facilitate the expeditious disposition of cases. Thus, Loc.R. 21 speaks where R.C. 3105.73 is silent; the local rule and statute complement each other rather than conflict.

{¶ 30} Here, the trial court found that Geraldine's Fees and Sanctions Motion seeking attorney fees under R.C. 3105.73(B) was filed months after the hearing on Calvin's postdecree motions. The trial court noted that an itemized statement was not presented as evidence at the hearing and acknowledged that the magistrate specifically found it inequitable to award attorney fees under

R.C. 3105.73(B) based upon the lack of evidence presented regarding the fees incurred. The court further found that Geraldine failed to provide any other evidence in support of the requested fees.

{¶ 31} These findings are supported by the record before us. It is clear that the magistrate previously decided an award of attorney fees under R.C. 3105.73(B) was inequitable. Geraldine did not object to the May Mag. Dec. or appeal the June JE, which adopted the May Mag. Dec. in its entirety. As established above, this appeal arises solely from the September JE and we decline to question or review the trial court's prior rulings.

{¶ 32} The record also reveals that Geraldine failed to comply with Loc.R. 21. The Fees and Sanctions Motion seeking an award of attorney fees under R.C. 3105.73(B) was filed after the April Hearing on the postdecree motions and contrary to deadlines established by Loc.R. 21. The record further indicates that some of the evidence required for such an award under Loc.R. 21, e.g., itemized statements and testimony, was never presented at the hearing, attached to any of Geraldine's filings, or otherwise made a part of record. Therefore, we cannot say the trial court abused its discretion by enforcing Loc.R. 21 and the procedures and deadlines established therein. Accordingly, Geraldine's first assignment of error is overruled.

## C. R.C. 2323.51 Motion for Attorney Fees and Sanctions

{¶ 33} In her second assignment of error, Geraldine claims the trial court's denial of her R.C. 2323.51 motion for attorney fees and sanctions was erroneous.[3] Geraldine argues that because the magistrate presided over postdecree motion proceedings, the magistrate, not the trial judge, should have considered and ruled on her Fees and Sanctions Motion. Geraldine does not provide any support for this claim. Geraldine further argues that frivolous conduct clearly existed based on "the undisputed facts and evidence" set forth in her motion.

{¶ 34} We begin by noting that under Civ.R. 53(D), a court *may* refer a particular case or matter to a magistrate. "[T]he use of the word 'may' indicates that a trial court is not required to refer cases to a magistrate and, even if a case is referred to a magistrate, the trial court judge can still rule on motions without a magistrate's decision." *Youngstown v. Washington*, 7th Dist. Mahoning No. 17 MA 0073, 2018-Ohio-1283, ¶ 13; *see also Walter v. Liu*, 193 Ohio App.3d 185, 2011-Ohio-933, 951 N.E.2d 457 (8th Dist.) (when a matter is assigned to a magistrate, it is not error for a trial court judge to rule on a motion that was to be decided without an evidentiary hearing). Therefore, the trial court judge was free to consider Geraldine's motion.

---

[3] We note that the table of contents of Geraldine's appellate brief includes reference to Civ.R. 11 in the second assignment of error. However, Civ.R. 11 is not included in Geraldine's statement of assignments of error or statement of issues for review. Nor was Civ.R. 11 mentioned in Geraldine's analysis of her second assignment of error, which solely focused in R.C. 2323.51. Because Civ.R. 11 was merely included in the table of contents and no issues or arguments were raised thereafter, we do not address it here.

{¶ 35} Next, we turn to R.C. 2323.51. Unlike R.C. 3105.73, R.C. 2323.51 prescribes the procedure and time requirement for filing a motion for attorney fees and sanctions due to frivolous conduct:

> [A]t any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal.

R.C. 2323.51(B)(1). A motion for sanctions under R.C. 2323.51 requires a trial court to determine whether the challenged conduct constitutes frivolous conduct as defined in the statute, and, if so, whether any party has been adversely affected by the frivolous conduct. *Riston v. Butler*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857, ¶ 17 (1st Dist.). R.C. 2323.51 applies an objective standard in determining frivolous conduct, as opposed to a subjective one. *Bikkani v. Lee*, 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130, ¶ 22. The finding of frivolous conduct under R.C. 2323.51 is determined without reference to what the individual knew or believed. *Ceol v. Zion Industries, Inc.*, 81 Ohio App.3d 286, 289, 610 N.E.2d 1076 (9th Dist.1992).

{¶ 36} R.C. 2323.51(A)(2)(a) defines "frivolous conduct" as conduct that satisfies any of the following categories:

> (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

> (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal

of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

R.C. 2323.51(A)(2)(a)(i)-(iv).

{¶ 37} R.C. 2323.51 was not intended to punish mere misjudgment or tactical error. *Turowski v. Johnson*, 70 Ohio App.3d 118, 123, 590 N.E.2d 434 (9th Dist.1991). Moreover, "[f]rivolous conduct is not proved merely by winning a legal battle or by proving that a party's factual assertions were incorrect." *State ex rel. DiFranco v. Euclid*, 144 Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, ¶ 15, citing *Ohio Power Co. v. Ogle*, 4th Dist. Hocking No. 12CA14, 2013-Ohio-1745, ¶ 29-30. Instead, the statute was designed to chill egregious, overzealous, unjustifiable, and frivolous action. *Turowski v. Johnson*, 68 Ohio App.3d 704, 706, 589 N.E.2d 462 (9th Dist.1990). The statute serves to deter abuse of the judicial process by penalizing sanctionable conduct that occurs during litigation. *Filonenko v. Smock Constr., L.L.C.*, 10th Dist. Franklin No. 17AP-854, 2018-Ohio-3283, ¶ 14.

{¶ 38} An R.C. 2323.51 determination to impose sanctions involves a mixed question of law and of fact. *Resources for Healthy Living, Inc. v. Haslinger*, 6th Dist. Wood No. WD-10-073, 2011-Ohio-1978, ¶ 26. We review purely legal questions de novo. *Riston*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857,

at ¶ 22. Whether a claim or defense is legally groundless is a question of law. *Id.* The test is whether no reasonable lawyer would have raised the claim or defense in light of existing law. *Pitcher v. Waldman*, 1st Dist. Hamilton No. C-160245, 2016-Ohio-5491, ¶ 15. On factual issues, however, we give deference to the trial court's factual determinations because the trial judge, of course, will have had the benefit of observing the entire course of proceedings and will be most familiar with the parties and attorneys involved. *Riston* at ¶ 25. The ultimate decision as to whether to grant sanctions under R.C. 2323.51 rests within the sound discretion of the trial court. *Id.* at ¶ 27; *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 11.

{¶ 39} Lastly, it is well settled in this court that a hearing on a R.C. 2323.51 motion is not required when an award of attorney fees is denied. *Pisani v. Pisani*, 101 Ohio App.3d 83, 87, 654 N.E.2d 1355 (8th Dist.1995). The decision whether a hearing should be held lies within the sound discretion of the trial court. *Id.* at 88. A hearing is not required where the court has sufficient knowledge of the circumstances for the denial of the requested relief and the hearing would be perfunctory, meaningless, or redundant. *Id.*; *Schiff v. Dickson*, 2013-Ohio-5253, 4 N.E.3d 433 (8th Dist.) (finding no error where the trial court heard arguments raised at trial).

{¶ 40} Here, the trial court emphasized its role as the finder of fact at the April Hearing and its issuance of the May Mag. Dec. with extensive findings of fact and conclusions of law thereafter. The trial court also noted its involvement in

pretrial proceedings since June 2021. The trial court concluded that while it questioned Calvin's credibility, it never found frivolous conduct to be apparent. The trial court further noted that Geraldine was found to be in violation of the rental payment provision of the parties' divorce decree as alleged in Calvin's motion to show cause. The court also found that Calvin amended his motion to show cause following the discovery process. Upon making such findings, the trial court declined to find frivolous conduct and denied Geraldine's motion.

{¶ 41} Based on the record before us, we find that the trial court had sufficient knowledge of the circumstances to deny Geraldine's motion R.C. 2323.51 motion and a hearing would have been perfunctory, meaningless, or redundant. The trial court previously heard the arguments and testimony of both parties at the April Hearing and reviewed the evidence presented therein. Both parties submitted written closing arguments following the April Hearing and many of the allegations and arguments recited in Geraldine's Fees and Sanctions Motion were raised in that filing.

{¶ 42} The record reveals that the trial court subsequently issued the May Mag. Dec., a single-spaced, 13-page, thorough and comprehensive decision. The May Mag. Dec. questioned Calvin's credibility as well as the accuracy of the evidence he presented. Of the many findings included therein, "frivolous conduct" was not mentioned, suggested, or referenced. The May Mag. Dec. was adopted in its entirety by the June JE without objection or appeal. After Geraldine filed her Fees and Sanctions Motion, the trial court thoroughly reviewed its prior findings. The trial

court judge concluded that Calvin's filings and actions did not amount to frivolous conduct and his credibility was merely determined to be questionable. We defer to the trial court's findings of fact and equally conclude that Calvin's losing legal battles and incorrect factual assertions do not rise to the level of "frivolous conduct" contemplated in R.C. 2323.51.

{¶ 43} Moreover, it cannot be said that Calvin's postdecree motions were made with an improper purpose or with an intention to harass or maliciously injure Geraldine. Nor can it be said that a reasonable lawyer would not have raised the claims made in Calvin's postdecree motions. The record indicates that a contested issue raised in Calvin's motion to show cause was voluntarily dismissed after the discovery process revealed it was resolved. The remaining issues were addressed at the April Hearing. Ultimately, Calvin's motion to show cause was granted in part and his spousal support was reduced accordingly. The record further indicates that the trial court found that there had been a substantial change in Calvin's circumstances not contemplated at the time of the parties' divorce but declined to modify spousal support based on the factors set forth in R.C. 3105.18(C)(1). The trial court's prior postdecree motion determinations were not objected to or appealed by Geraldine. Therefore, it cannot be said that Calvin's motions were groundless or without evidentiary support. Accordingly, we find that the trial court did not abuse its discretion in denying Geraldine's Fees and Sanctions Motion.

{¶ 44} Therefore, Geraldine's second assignment of error is overruled.

## III. Conclusion

{¶ 45} Based on our review of the record before us, the trial court did not abuse its discretion by denying Geraldine's Fees and Sanctions Motion. Loc.R. 21 does not conflict with R.C. 3105.73: R.C. 3105.73 provides an avenue for seeking attorney fees and litigation expenses in postdecree proceedings, and Loc.R. 21 establishes the procedures and deadlines for doing so. Moreover, Calvin's questionable credibility, losing legal battles, and incorrect factual assertions did not rise to the level of "frivolous conduct" contemplated by R.C. 2323.51.

{¶ 46} Accordingly, judgment is affirmed.

Appellant to pay costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MARY J. BOYLE, JUDGE

ANITA LASTER MAYS, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR