[Cite as *MRN Ltd. Partnership v. Gamage*, 2023-Ohio-4541.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| MRN LIMITED PARTNERSHIP, | : | |
| Plaintiff- Appellee, | : | |
| | : | No. 112656 |
| v. | : | |
| CHRIS GAMAGE, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 14, 2023

Civil Appeal from the Cleveland Municipal Court
Housing Division
Case No. 2021-CVH-009850

*Appearances:*

Powers Friedman Linn, PLL, Robert G. Friedman, and
Thomas P. Owen, *for appellee.*

Matt Rolf Attorney LLC and Matthew Rolf, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Plaintiff-appellee MRN Limited Partnership ("Plaintiff") filed the instant complaint to collect rents and related charges owed by a tenant, defendant-appellant Chris Gamage ("Gamage"). Attached to the complaint is the subject lease

agreement, which shows the landlord is "Euclid Block Apartments Master Tenant." Despite the discrepancy, the parties engaged in litigation for over 15 months. Nine days before the scheduled trial, Plaintiff filed a "Motion to Substitute Plaintiff" on the ground that the Plaintiff in this case was incorrectly identified in the complaint. Gamage opposed the motion and also moved for sanctions. After a hearing, the trial court dismissed the complaint due to Plaintiff's lack of standing and it also denied Gamage's motion for sanctions. Gamage now appeals from the trial court's decision denying sanctions. After a careful review of the record, we conclude that the trial court did not abuse its discretion in denying Gamage's motion for sanctions. Accordingly, we affirm the trial court's judgment.

**Procedural History**

{¶ 2} The record reflects rather involved litigation in this rent collection case. On September 30, 2021, Gamage entered into a lease to rent an apartment located at 2015 East 4th Street, Cleveland, for a monthly rent of $1,200. The lease was to begin on September 30, 2020, and end on October 31, 2021. Gamage alleged that it was his understanding that, as part of a special promotion, his first two months of occupation would be rent-free and the first-month rent would not be due until December 2020. After he moved into the apartment, he learned he owed rent for the month of November 2020, contrary to his understanding. He moved out of the apartment sometime in November 2020.

{¶ 3} On September 30, 2021, Plaintiff filed a complaint against Gamage seeking $12,123.17 in rent and related charges from November 2020 to July 2021.

In the lease agreement attached to the complaint, the owner and landlord is listed as "Euclid Block Apartments Master Tenant." Also attached to the complaint is a resident ledger from "MRN" detailing rent charges and payments. MRN was also listed on a utility bill that was subsequently submitted by Plaintiffs as part of its damages.

{¶ 4} On April 12, 2022, Gamage filed an answer and counterclaim, pro se. He alleged he was induced to sign the lease by false advertising promising two months of free rent. He filed a counterclaim requesting a return of his deposit.

{¶ 5} A month later, on May 26, 2022, Plaintiff filed a motion for summary judgment on the ground that Gamage failed to answer its request for admissions. A magistrate held a case-management conference and, on August 12, 2022, issued an order requiring Plaintiff to re-serve its discovery requests to Gamage at his new address and set a deadline for Gamage's response. Gamage failed to respond within the deadline. On September 9, 2022, Plaintiff again moved for summary judgment on the ground that defendant failed to respond to its request for admissions.

{¶ 6} On September 29, 2022, Gamage obtained counsel, and on October 6, 2022, counsel filed a notice of appearance. Through his counsel, Gamage filed a motion requesting a continuance of discovery and dispositive motions and also moved to amend his answers to Plaintiff's request for admissions. Counsel alleged that Gamage did not receive Plaintiff's request for admissions until after September 9, 2022, when he received Plaintiff's second motion for summary judgment.

**{¶ 7}** On October 25, 2022, the magistrate issued an order denying Gamage's motion for continuance because Gamage failed to file an affidavit supporting his allegation that he did not receive the discovery requests until after September 9, 2022. The magistrate found the admissions requested by Plaintiff were deemed admitted. The magistrate determined that any further delay would be prejudicial to Plaintiff because this case has been pending for over a year. The magistrate also set the matter for trial on December 14, 2022.

**{¶ 8}** A new round of litigation ensued. On November 8, 2022, Gamage objected to the magistrate's order denying his motion for continuance. On November 14, 2022, Plaintiff filed an opposition to Gamage's objection and maintained that the magistrate properly denied an extension of time for discovery sought by Gamage, arguing that an extension would further delay the resolution of the case.

**{¶ 9}** Thereafter, Gamage filed a brief opposing Plaintiff's motion for summary judgement, which was solely grounded on Gamage's failure to answer Plaintiff's request for admissions. Plaintiff filed a reply, contending that it was entitled to summary judgment based on the magistrate's October 25, 2022 order, which denied the defendant's request to amend his answers. The trial court overruled Gamage's objection to the magistrate's order.

**{¶ 10}** On December 6, 2022, Plaintiff filed a trial brief. The next day, Gamage filed his trial statement and requested a continuance of trial. The trial was rescheduled to January 18, 2023.

{¶ 11} On January 9, 2023, Plaintiff's counsel filed a "Motion to Substitute Plaintiff." Counsel acknowledged that the plaintiff was incorrectly identified in the complaint as MRN Limited Partnership and requested an order from the court substituting the real party in interest, Euclid Block Apartments Master Tenant, as the plaintiff in this case.

{¶ 12} Gamage filed an "Objection and Motion to Dismiss and for Sanctions." He argued the case should be dismissed because the substitution of a party may not be used to correct the error of initiating a lawsuit in the name of a party who lacked standing when the complaint was filed.

{¶ 13} Gamage also moved for sanctions. He claimed the circumstances in this case warranted sanctions, alleging that Plaintiff litigated this matter with the knowledge that it was not the real party in interest. He noted that Plaintiff filed the "Motion to Substitute Plaintiff" a year and a half after the case was filed and only days before the matter was scheduled for trial; he also noted that Plaintiff spent the last four months opposing his request for further discovery and his attempt to amend his answers to requests for admissions.

{¶ 14} Gamage claimed Plaintiff engaged in protracted litigation while it knew or should have known it was not the real party in interest and Plaintiff's conduct had needlessly extended the litigation and caused him to incur $5,400 in legal fees to defend himself against a complaint improperly brought. Plaintiff filed a brief in opposition. It argued Gamage's claim that the misidentification of the plaintiff was purposeful was a baseless argument because Plaintiff had no reason to

jeopardize its own case; Gamage never asserted a defense based on Plaintiff's lack of standing; and Gamage was not adversely affected by the misidentification because it ultimately resulted in a dismissal of the case.

{¶ 15} On January 18, 2023, the magistrate held a hearing on Plaintiff's "Motion to Substitute Party" and Gamage's opposition to the motion and his motion for sanctions. Plaintiff's counsel stated at the hearing that the name of "MRN" was only used as a "marketing or design tool" and acknowledged that the lease agreement is between Gamage and Euclid Block Apartments Master Tenant. Gamage's counsel argued that Civ.R. 25, which governs the substitution of a party, would not allow the substitution of the plaintiff in this case and, therefore, the instant complaint should be dismissed. Regarding Gamage's motion for sanctions, while Gamage made arguments for sanctions in his brief, our review of the transcript indicates that the magistrate specifically afforded Gamage an opportunity to argue the motion, but Gamage did not submit any evidence to support his claim that Plaintiff's conduct should be deemed frivolous and warrant an imposition of sanctions.

{¶ 16} After the hearing, the magistrate issued an order denying the "Motion to Substitute Plaintiff" because Civ.R. 25 only allows the substitution of a party in the cases of death, incompetency, transfer of interest, or death or separation of office of a public officer. The magistrate found the identification of "MRN Limited Partnership" as Plaintiff to be the result of mistake or oversight, but agreed with Gamage that the complaint should be dismissed pursuant to *Fed. Home Loan Mtge.*

*Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, which held that the substitution of a party may not be used to correct the error of initiating a lawsuit in the name of a party that did not have standing to sue when the complaint was filed. The magistrate dismissed the complaint without prejudice and denied Gamage's motion for sanctions.

{¶ 17} Thereafter, Gamage filed a motion to set aside the portion of the magistrate's order that denied his motion for sanctions, arguing that Plaintiff engaged in frivolous conduct pursuant to Civ.R. 11 and R.C. 2323.51 in bringing the complaint and then engaged in extensive litigation while it knew or should have known the complaint was improperly brought. While Plaintiff's motion for summary judgment was based on Gamage's failure to timely respond to the discovery requests and therefore would not have required an affidavit, Gamage alleged Plaintiff's counsel knew its client lacked standing when counsel filed that motion without an affidavit. Gamage alleged Plaintiff chose to continue to litigate for several more months despite its awareness of the deficiency of the complaint. He argued he was entitled to an award of sanctions for having to defend against an improperly brought lawsuit for 15 months. Plaintiff filed an opposition to the motion, arguing that its conduct was not frivolous because it had taken corrective action to substitute the property party after becoming aware that the plaintiff was misidentified in the complaint.

{¶ 18} The trial court denied the motion for sanctions on the ground that the misnaming of the plaintiff was a result of mistake and oversight rather than

egregious or frivolous conduct. Gamage now appeals from the trial court's judgment. He raises the following three assignments of error for our review:

> I. The trial court erred in failing to find plaintiff's conduct in bringing an action as a party not in interest was frivolous.
>
> II. The trial court erred in failing to consider conduct of plaintiff subsequent to the filing of the complaint in determining whether plaintiff's conduct was frivolous.
>
> III. The trial court erred in failing to hold a hearing on reasonable attorney fees and other sanctions to be awarded to defendant.

{¶ 19} The only issue presented on appeal is the trial court's denial of the motion for sanctions. As the assignments of error are related, we address them jointly.

**Standard of Review and Applicable Law**

{¶ 20} Gamage argues the trial court abused its discretion in not finding Plaintiff's conduct in this case frivolous under Civ.R. 11 and R.C. 2323.51. A decision to grant or deny sanctions under R.C. 2323.51 and Civ.R. 11 rests within the sound discretion of the trial court. *Walters v. Carter*, 8th Dist. Cuyahoga No. 108555, 2020-Ohio-807, ¶ 17; *Bikkani v. Lee*, 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130, ¶ 30.

{¶ 21} Civ.R. 11 governs the signing of pleadings and it states:

> The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. ***. For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an

award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule.

When deciding whether a violation is willful, the trial court applies a subjective bad-faith standard. *Grimes v. Oviatt*, 8th Dist. Cuyahoga No. 104491, 2017-Ohio-1174, ¶ 24, citing *Riston v. Butler*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857, ¶ 12 (1st Dist.).

{¶ 22} Pursuant to R.C. 2323.51(A)(2)(a)(i)-(iii), "frivolous conduct" means the conduct of a party or the party's counsel that satisfies any of the following:

> (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
>
> (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
>
> (iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

When determining whether a conduct is frivolous pursuant to R.C. 2323.51, we apply an objective standard. *Grimes, supra*, at ¶ 25; *Bikkani* at ¶ 22.

{¶ 23} Pursuant to R.C. 2323.51(A)(1)(a), "conduct" encompasses "[t]he filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, * * * or the taking of any other action in connection with a civil action."

**{¶ 24}** Frivolous conduct, as contemplated by R.C. 2323.51(A)(2)(a), is judged under an objective standard and "must involve egregious conduct." *State ex rel. DiFranco v. Euclid*, 144 Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, ¶ 15. "Frivolous conduct is not proved merely by winning a legal battle or by proving that a party's factual assertions were incorrect." *Id.*, citing *Ohio Power Co. v. Ogle*, 4th Dist. Hocking No. 12CA14, 2013-Ohio-1745, ¶ 29-30 (a litigant is not frivolous merely because a claim is not well-grounded in fact; R.C. 2323.51 is designed to chill egregious, overzealous, unjustifiable, and frivolous action).

**{¶ 25}** Finally, R.C. 2323.51(B)(2) requires an evidentiary hearing before granting an award but does not address whether an evidentiary hearing is required before denying the award. *Russell v. Ryan*, 2021 Ohio-2505, 175 N.E.3d 969, ¶ 15 (10th Dist.). Although a hearing is not explicitly required by R.C. 2323.51, this court has held that "'[i]f an arguable basis exists for an award of sanctions, then the trial court must hold a hearing on the issue.'" *D.L.M. v. D.J.M.*, 8th Dist. Cuyahoga No. 107992, 2019-Ohio-4574, ¶ 30, quoting *Fitworks Holdings, L.L.C. v. Pitchford-El*, 8th Dist. Cuyahoga No. 88364, 2007-Ohio-2517, ¶ 14. However, a hearing on a motion for sanctions is not required "where the court has sufficient knowledge of the circumstances for the denial of the requested relief and the hearing would be perfunctory, meaningless, or redundant." *Wilson v. Wilson*, 8th Dist. Cuyahoga No. 112105, 2023-Ohio-1752, ¶ 39

**Analysis**

{¶ 26} Gamage argues sanctions should be imposed, alleging that Plaintiff's counsel knew as early as May 26, 2022, that MRN Limited Partnership was not the proper party when Plaintiff's counsel filed the motion for summary judgment without an accompanying affidavit. He claims the delay in the disclosure of the real party in interest caused him unnecessary expenditures in legal fees.

{¶ 27} The record reflects that the magistrate held a hearing on Plaintiff's "Motion to Substitute Party," Gamage's opposition to that motion, and his motion for sanctions. At the hearing, Gamage successfully contested Plaintiff's standing to bring the instant complaint, which led to the court's dismissal of the complaint. However, he presented no evidence or otherwise argued the merit of his motion for sanctions. The trial court found the misidentification was a result of mistake or oversight and denied sanctions accordingly.

{¶ 28} Plaintiff's counsel filed the instant complaint in the name of "MRN Limited Partnership" while the lease agreement attached to the complaint identifies the landlord as "Euclid Block Apartments Master Tenant." The ledger, also attached to the complaint, shows the name "MRN" on the top of the document. While the discrepancy regarding the name of the landlord appears to be evident from a review of the complaint and the attached exhibits, the parties engaged in protracted litigation for over 15 months seemingly unaware of it. While Plaintiff did not bring the apparent discrepancy to the trial court's attention until it filed a "Motion to Substitute Party," Gamage or his counsel never raised the issue of standing while

vigorously defending the complaint. While Gamage alleges Plaintiff knew or should have known it was not the proper party but continued to litigate the case in bad faith, he did not present any evidence to support his claim at the January 18, 2023 hearing when an opportunity was afforded by the magistrate. The record before us indicates Plaintiff's belated disclosure is nothing more than a result of oversight, as the trial court found.

{¶ 29} The circumstances of this case do not appear to reflect sanctionable conduct under a subjective willfulness standard pursuant to Civ.R. 11 or under an objective standard of egregious conduct pursuant to R.C. 2323.51. Having reviewed the record, we decline to disturb the trial court's decision denying sanctions in the exercise of its discretion. Gamage had an opportunity at the January 18, 2022 hearing to present evidence to support his allegation of sanctionable conduct but did not. Furthermore, we note that the same magistrate presided during the entire course of the proceedings in this case, which included a pretrial conference and the hearing, and numerous motions filed by the parties. As such, the record indicates the trial court had sufficient knowledge of the circumstances for the denial of sanctions. Gamage's contention that the trial court erred in failing to hold a hearing on the issue of sanctions is without merit. *Wilson, supra.* The first, second, and third assignments of error lack merit.

{¶ 30} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
EILEEN T. GALLAGHER, J., CONCUR